## PEN–KEN OIL & GAS CORPORATION
## v. WARFIELD NATURAL GAS CO.
### No. 24.

District Court, E. D. Kentucky,
Catlettsburg.

Feb. 3, 1942.

Gilbert F. Wagner and R. G. Holbrook, both of Chicago, Ill., and Polk South, Jr., of Frankfort, Ky., for plaintiff.

S. S. Willis and Dysard & Dysard, all of Ashland, Ky., Harold A. Ritz, of Charleston, W. Va., and Wells & Wells, of Paintsville, Ky., for defendant.

SWINFORD, District Judge.

The plaintiff, Pen-Ken Oil & Gas Corporation, insists that the Court has failed to comply with Rule 52 (a), Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and that this Court, by that rule, is required to make explicit Findings of Fact on all questions at issue.

In my opinion Rule 52 applies to a case upon final hearing and submission. The ruling here is not made on the case upon final submission on the law and facts. The ruling here is on the defendant's motion for summary judgment. Rule 56. In considering the motion upon examination of the record I find what I believe to be two absolute defenses to the relief asked by the plaintiff. The defenses of res judicata and fifteen and thirty years' adverse possession, as supported by the affidavits of the defendant.

In view of that fact I do not deem it necessary to make detailed findings on questions raised by the record as it now stands, but only upon the record as it stood at the time the motion for summary judgment was filed. This seems to me to comply with the definite purpose of the Rules.

The chronology of the record should be borne in mind and motions should be passed upon in the order of their filing. The matters on which the plaintiff now asks specific findings of fact and rulings were matters which were presented by the record subsequent to the filing of the motion for a summary judgment.

I repeat, that it should be borne in mind that the ruling of the Court here is on the motion for a summary judgment under Rule 56 and not upon a final submission at a final hearing on the law and facts as contemplated by Rule 52.